UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:19-cv-01108-SB-JPR | Date: | 5/7/2021 |
|---|---|---|---|

| Title: | *Ana Perez v. Equinox Holdings, Inc., et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | Katie Thibodeaux |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Hugo Ernesto Gamez | Thomas G. Mackey |

**Proceedings:** VTC HEARING: PRETRIAL CONFERENCE ORDER

  The Court sets the jury trial for **June 29, 2021 at 8:30 a.m.** As the Central District resumes jury trials, the Court is trailing civil jury trials behind criminal trials, generally on a day-by-day basis, because of (1) the limited number of jury panels permitted each week in the courthouse during the pandemic and (2) the uncertain availability of a jury panel for a civil case. The Court may not know whether a jury panel is available for a civil case until as late as the morning of the day of jury selection, because a civil case may be trailing behind a criminal case that settles on the day of jury selection, requiring the civil trial to commence that same day. The Court is aware of the inconvenience to the parties, counsel, and witnesses and appreciates everyone's patience and cooperation during this difficult time.

  The Court has reviewed the pretrial filings, including the joint witness and exhibit lists. Dkt. Nos. 26, 27. The time estimates for the witnesses appear excessive given the relatively minimal complexity of this case. It also appears that each party intends to introduce evidence to which the other side objects. To

properly manage this case, the Court requires the parties to file the supplemental material detailed below *by no later than June 8, 2021.*

**Witnesses**.  The parties are hereby **ORDERED** to resubmit a joint witness list that contains a specific offer of proof *for each witness*, describing in detail (a) each specific subject about which the witness will testify, (b) the relevance of each subject, (c) the admissibility of each subject under Rules 402 and 403 of the Federal Rules of Evidence; and (d) the amount of time anticipated on direct examination and cross-examination on each subject.  The failure to provide the specific information required may result in exclusion of evidence or appropriate sanctions.  The parties shall meet and confer in preparing this joint witness list by no later than **May 25, 2021**, and continuing as necessary, and shall cooperate in reasonably identifying the time needed for direct examination and cross-examination on each subject.

**Exhibits**.  The parties are also **ORDERED** to meet and confer about the exhibits intended to be introduced at trial.  Each exhibit must be introduced for admission as a whole rather than a portion thereof.  For example, if a party seeks to introduce a portion of medical records, the portion to be introduced must be presented as its own exhibit (and not as a part of a whole).  This applies to all evidence, including photographs and other reproductions or depictions.

On or before **June 8, 2021**, the parties are ordered to resubmit a joint exhibit list that contains each exhibit to be admitted in the table form below with the first five columns completed by the parties in full:

| **Ex. No.** | **Description** | **Stipulation** | **Objection** | **Response** | **[Ruling]** |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Other matters.** In the event there are other issues that must be resolved before trial, they should be identified in the **June 8, 2021** pretrial submission. Both parties should present their position along with a short statement, supported with legal authority, for why their position is correct and why the opposition's position is incorrect.

**Motions in Limine.** The Court has reviewed the parties' motions in limine and rules as follows:

1. **Defendant's JMIL to exclude Plaintiff's proffered expert witness Rachel Shaw (Dkt. No. 61)**

Defendant Equinox Holdings, Inc. seeks to exclude any testimony from Rachel Shaw, whom Plaintiff Ana Perez proffers as a witness to provide expert opinions about human-resource issues. Defendant argues that Shaw's expert report is solely comprised of improper (and incorrect) legal opinions, noting the report largely cites statutes, regulations, and case law and then provides analysis of whether Defendant violated those legal authorities. Plaintiff responds that Shaw will merely educate the jury regarding industry standards and human resources practices, and that this type of testimony is routinely allowed in California. *See, e.g., Maharaj v. California Bank & Tr.*, 288 F.R.D. 458, 460 (E.D. Cal. 2013) ("courts commonly permit human resources experts to testify on human resources management policies and practices and whether an employer deviated from those policies and practices") (citation omitted). Defendant replies that the expert report does not analyze industry standards or human-resource policies or practices but legal statutes, regulations, and case law. Defendant requests that Shaw be excluded from testifying because she would need to essentially abandon the content of her report and instead testify on the very different subjects of industry standards and policies and practices.

The motion is **GRANTED**. Shaw's expert report does not focus on industry standards or best practices but regulations, statutes, and case law and whether Defendant met its obligations under California law. *See* Dkt. No. 61-1 Ex. A (Expert Report of Rachel Shaw, MBA) The contents of her report thus amount to impermissible legal opinions. *Sitter v. Ascent Healthcare Sols., Inc.*, No. C-09-5682 EMC, 2011 WL 2682976, at *1 (N.D. Cal. July 8, 2011) (rejecting argument that HR expert's testimony was unreliable because "she did not rely on any legal authority" because doing so "would essentially be providing legal opinions"). Because the expert report appears to contain entirely impermissible opinions, Shaw should be excluded from testifying. To do otherwise would allow her to testify without providing a written expert report about the relevant areas of inquiry. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring written report, prepared and signed by witness, "if the witness is one retained or specially employed to provide expert testimony in the case"); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) (holding trial court abused its discretion by allowing witness who fell

under the purview of Rule 26(a)(2)(B) "to testify without providing a written expert report").

At the pretrial conference, Plaintiff expressed that certain portions of the expert report were appropriate under the Court's ruling and may permit the expert to testify to some extent. Plaintiff may provide a supplemental joint filing, due **June 8, 2021**, citing specific portions of the report that appropriately discuss industry standards or best practices. Defendant should be provided with Plaintiff's portion of the filing a week before the due date and include its response. Each side's portion may consist of no more than two pages.

### 2.     Plaintiff's JMIL to exclude any evidence of collateral source payments (Dkt. No. 60)

Plaintiff seeks to exclude evidence of the workers' compensation benefits she received. Plaintiff contends that those benefits do not require an offset to damages under California law and that evidence of those benefits are precluded by the collateral source rule. Plaintiff also requests that the Court admonish counsel and witnesses to avoid any reference to the existence of such collateral source payments. Defendant responds that California law prohibits a double recovery and requires that an employee's damages must be offset by workers' compensation benefits. *Witt v. Jackson*, 57 Cal. 2d 57, 73 (1961) **(**"Since . . . the injured employee may not be allowed double recovery, his damages must be reduced by the amount of workmen's compensation he received."). Defendant also argues that the collateral source doctrine does not apply because Plaintiff's benefits were derived from Defendant's payments and not an independent collateral source. Plaintiff replies that workers' compensation insurance is a benefit of employment and, thus, the employees can be deemed to have paid for the insurance with her own labor. Plaintiff also requests that, if the Court deems an offset appropriate, that the Court (and not the jury) calculate and apply the offset.

The motion is **GRANTED**, in part. The collateral source rule "operates both as a substantive rule of damages and as a rule of evidence." *Mize-Kurzman v. Marin Cmty. Coll. Dist.*, 202 Cal. App. 4th 832, 872 (2012); *see Quintero v. United States*, No. 1:08-CV-01890-OWW, 2010 WL 5071045, at *4 (E.D. Cal. Dec. 7, 2010) (California's "collateral source rule has two components: (1) a substantive rule that prohibits reduction of the damages plaintiff would otherwise receive for plaintiff's receipt of collateral source compensation; and (2) an evidentiary rule that limits what the jury is told about plaintiff's receipt of collateral source

compensation."). Here, Plaintiff appears to invoke the rule for both its substantive and evidentiary purposes.

It is unclear whether the collateral source rule applies to workers' compensation payments in disputes between an employee and employer, when the benefits were the result of the employer's payments. Though neither party provides binding California law that answers the question definitively, a recent district court surveyed California authorities and concluded that "the California Supreme Court would hold that workers' compensation benefits are not a source wholly independent because the employee has constructively paid for the benefits through his labor." *Garcia v. Praxair, Inc.*, No. 1:18-CV-01493-SAB, 2021 WL 38183, at *17 (E.D. Cal. Jan. 5, 2021). "Therefore, the collateral source rule would apply to workers' compensation payments." *Id.*

*Garcia* is not binding, and the Court has not yet considered whether it is persuasive because Defendant has not had an opportunity to respond to it. Nor does it appear that this issue requires immediate resolution. The California Court of Appeal has instructed that when applying *Witt*, the primary authority relied on by Defendant, "[t]he appropriate procedure for applying a benefit offset . . . is for the trier of fact . . . initially to determine the employer's degree of fault . . . and then for the court, upon motion, to determine the amount of the offset." *Engle v. Endlich*, 9 Cal. App. 4th 1152, 1166-67 (1992). If the jury awards damages to Plaintiff, Defendant may move to offset those damages by the amount of workers' compensation benefits. At that point, the Court may resolve whether an offset is appropriate and, if so, in what quantity.

But because—under either interpretation of the collateral source rule—the Court, not the jury, will determine how to offset an workers' compensation benefits against a potential award of damages, the fact and amount of those benefits are not relevant at trial. *Perez v. Auto Tech. Co.*, No. NO. CV 13-06728 MMM (VBKx), 2015 WL 12750274, at *3 (C.D. Cal. June 1, 2015). At the pretrial conference, both parties agreed to the *Engle* procedure as described above (with the Court determining any appropriate offset in the event of a jury verdict against Defendant). To the extent that there is a right to a jury trial on this issue, both parties agreed to waive it.

Thus, the Court **GRANTS** the motion to exclude from presentation to the jury evidence of the workers' compensation benefits as well as any argument concerning an offset of damages. At the pretrial conference, Defendant noted that workers' compensation doctors and workers' compensation treatment providers

play an important role in its defense, such that references to workers' compensation cannot be entirely sanitized. The parties are ordered to meet and confer and prepare a stipulation governing the scope of agreeable reference to workers' compensation by **June 8, 2021**.

**Disputed Jury Instructions.** The Court has reviewed the disputes over multiple jury instructions. (Dkt. Nos. 41, 43, 64)

1.  **Ninth Circuit Model Jury Instruction 2.4: Deposition in lieu of live testimony**

Plaintiff seeks to present the model instruction about deposition in lieu of live testimony. Defendant disputes inclusion of this instruction, not because of any issue with the instruction, but because Plaintiff has not complied with Local Rule 16-2.7, which governs the presentation of such testimony.

This dispute is not appropriately resolved in the context of jury instructions. The parties are **ORDERED** to meet and comply with the proper procedures to present such deposition testimony in lieu of a live witness. The parties must also submit a joint filing by **June 8, 2021**, clearly identifying the portions of the depositions to be presented at trial. Objections to any portion(s) of the proposed testimony must be stated in the margins in text boxes, stating only the ground(s) for the objection and the brief response.  (Example:  "Objection, hearsay." "Response—excited utterance.")

2.  **Remaining amended or special instructions**

Plaintiff also seeks several amended or special instructions. The Court's [Pretrial and Trial Order](Pretrial and Trial Order) states that counsel "may submit alternatives" to the model jury instructions "only if counsel has a reasoned argument that they do not properly state the law or are incomplete." Plaintiff fails to persuade the Court that the model instructions are incomplete or wrong, or that Plaintiff will be prejudiced without the amended/special instructions. And Defendant persuasively argues that the disputed instructions are unnecessary in light of the established model instructions on commonly litigated claims.[1]

---

[1] It also appears that Plaintiff's Special Jury Instruction 5, provided months after the other pretrial filings and days before the pretrial conference, is untimely. [Dkt.](Dkt.)

If Plaintiff wishes to renew her request, the parties must meet and confer and provide a joint filing by **June 8, 2021**, including:

- Plaintiff's proposed instruction; a short statement from Plaintiff (two-to-four paragraphs), including points and authorities, indicating why a special instruction is required, why the model instruction is legally incorrect or materially incomplete, and why the proposed instruction is legally correct and necessary to avoid prejudice; and

- A short statement from Defendant, including points and authorities, in support of any objections or the sufficiency of the model instruction.

Finally, the Court notes both parties seek a special instruction on "Indefinite Leaves of Absence." Given that the parties agree a special instruction is appropriate, the Court will permit one. Plaintiff desires an instruction indicating:

> A leave of absence request is not indefinite if there is a reasonable likelihood that the leave of absence will allow the employee to return to work at some point. A leave of absence is not indefinite simply because an approximate date of return is provided.

Dkt. No. 41. Defendant, by contrast, seeks an instruction, stating:

> An indefinite leave of absence is not a reasonable accommodation.

Dkt. No. 43. Plaintiff provides no persuasive authority for the notion that a leave of absence is a reasonable accommodation if it will allow the worker "to return to work at some point." But Plaintiff appears correct that leave is not "indefinite" merely because the date of return is not precisely known. *Garcia-Ayala v. Lederle Parenterals, Inc.*, 212 F.3d 638, 648 (1st Cir. 2000) ("Some employees, by the very nature of their disability, are unable to provide an absolutely assured time for their return to employment, but that does not necessarily make a request for leave to a particular date indefinite. . . . An unvarying requirement for definiteness departs from the need for individual factual evaluation."). Defendant, in turn,

---

No. 64. Both sides may address the timelines of this instruction if Plaintiff elects to renew her request for it.

provides ample California authority indicating that California law "does not require the employer to provide an indefinite leave of absence." *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 378 (2015).

The parties should meet and confer and attempt to agree to a special instruction that appropriately combines the relevant legal principles.[2] The parties should disclose the outcome of their efforts in their filing on **June 8, 2021**.

Thus, the Court **DENIES** the requests for the jury instructions in dispute, without prejudice to a renewed request.

**IT IS SO ORDERED**.

0/22

---

[2] The parties should consider the following instruction: "An indefinite leave of absence is not a reasonable accommodation. However, a leave of absence is not indefinite simply because an approximate date of return is provided."